UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | |
|---|---|
| JOSE TORO, Individually and on Behalf of All Other Persons Similarly Situated,<br>         Plaintiffs,<br><br>    v.<br><br>CSX INTERMODAL TERMINALS, INC. and WILBY W. WHITT,<br>         Defendants | Civil Action No. 12-40115-TSH |

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Jose Toro ("Plaintiff"), submits this memorandum of law in support of his motion, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Worcester County District Court, where Plaintiff originally filed this action. As argued more fully below, Defendant, CSX Intermodal Terminals, Inc. ("CSXIT" or "Defendant"), removed this action under 28 U.S.C. § 1446 based on erroneous assertions that (1) the $75,000 amount-in-controversy requirement in 28 US.C. § 1332(a) is satisfied and (2) this is a federal question case arising under 28 U.S.C. § 1331. This case, therefore, should be remanded back to state court.

## **BACKGROUND**

Plaintiff filed this action on May 14, 2012, in Worcester County District Court, and CSXIT was served with process on August 14, 2012. (*See* Notice of Removal ¶¶ 1, 2.) In essence, the complaint alleges that CSXIT "misclassified" Plaintiff as an independent contractor and "require[ed] Plaintiff to bear certain costs incident to Defendant's business operation" in violation of the Massachusetts Wage Law and the Massachusetts Independent Contractor Law. (Complaint, Introduction.) No specific amount of damages is alleged in the Complaint. (*See id.*)

Plaintiff, however, estimated in his *state court cover sheet* that his *entire* damages would be $10,000.  (*See* Notice of Removal, Exhibit A (Doc. No. 6).)

On the afternoon of September 12, 2012, on nearly the last possible day, *see* 28 U.S.C. § 1446(b), CSXIT filed a Notice of Removal.  In it, CSXIT asserted that this Court has jurisdiction over Plaintiff's complaint because (1) the parties are diverse and the amount-in-controversy exceeds $75,000 and (2) it somehow raises a federal question.  (*See* Notice of Removal.)  As grounds for these allegations, however, CSXIT provides no evidence other than the complaint itself, the state court cover sheet, and speculative and unsubstantiated extrapolations ostensibly taken from tax documents pertaining to Plaintiff's business.  (*Id.*, Exhibits A-C.)

## ARGUMENT

This case should be remanded.  As argued below, CSXIT bears a heavy burden to establish subject matter jurisdiction which it cannot fulfill.  First, CSXIT cannot establish a reasonable probability that Plaintiff's claimed damages exceed $75,000.  And second, CSXIT has not borne its burden of establishing any form of federal question jurisdiction.

**A. CSXIT Bears a Heavy Removal Burden.**

A removing defendant bears a heavy burden of establishing federal jurisdiction. *College Dental Surgeons P.R. v. Conn. General Life Ins. Co.*, 585 F.3d 33, 39 (1st Cir. 2009).  *See also Amoche v. Guarantee Trust Life Ins. Co.,* 556 F.3d 41, 48 (1st Cir. 2009); *Danca v. Private Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir. 1999); *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 447 (7th Cir. 2005) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)).  Although the law in this circuit is a bit unsettled in a diversity case where the amount-in-controversy is at issue, the defendant's burden is best stated as a "reasonable probability" standard, which approximates the familiar preponderance of the evidence standard.  *See generally Amoche*, 556 F.3d at 49-50; *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230 (D. Mass.

2010). Moreover, when a removing defendant provides no support to establish the amount-in-controversy, other than references to the complaint, it must show that it is "facially-apparent" from the complaint itself that the amount-in-controversy requirement is satisfied. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060-61 (11th Cir. 2010); *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004).[1]

There are also several other well-established principles which have particular resonance here. First, "the federal courts have a particular 'responsibility to police the border of federal jurisdiction,' because 'the Constitution limits the jurisdiction of federal courts, *see* U.S. Const. Art. III, and Congress has further narrowed our jurisdiction by periodically increasing the amount-in-controversy minimum for diversity cases.'" *Youtsey*, 734 F. Supp. 2d at 233 (quoting *Spielman v. Genzyme Corp.,* 251 F.3d 1, 4 (1st Cir. 2001)). Second, "a plaintiff is deemed to be the 'master of his complaint.'" *Id*. (quoting *Danca,* 185 F.3d at 4. ). And third, "as the First Circuit has repeatedly stated, the 'removal statute should be strictly construed against removal.'" *Id*. (quoting *Rossello-Gonzalez v. Calderon-Serra,* 398 F.3d 1, 11 (1st Cir.2004), and citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941)).

**B. <u>CSXIT Cannot Establish a Reasonable Probability that Plaintiff's Claimed Damages Exceed $75,000.</u>**

Here, CSXIT has provided no support to establish that the amount-in-controversy has been satisfied. Certainly, the complaint itself adds nothing. *See Michelin N. Am., Inc.*, 613 F.3d at 1061-62. Rather, it simply alleges that CSXIT "require[ed] Plaintiff to bear certain costs incident to Defendant's business operation" in violation of the Massachusetts Wage Law and the Massachusetts Independent Contractor Law. Considering the limited allegations of the

---

[1] The First Circuit has not expressly adopted the "facially apparent" standard, but, as the *Evans* court noted in 2004, it had been adopted in three other circuits (5th, 9th, and 11th) at that time. *See id*. Since then, several district courts in other circuits, including the First Circuit, have also applied the facially-apparent standard. *See, e.g.*, *MB Auto Care Mgmt., Inc. v. Plaza Carolina Mall, L.P.*, 695 F. Supp. 2d 1, 3 (D.P.R. 2010); *Bunch v. Wal-Mart*, 2009 WL 1076162, at *2 (N.D. Ind. Apr. 20, 2009).

3

complaint itself, it comes nowhere near establishing that any of Plaintiff's particular damages, even after potential state-law trebling or adding in pro-rated attorneys fees for a putative class, *see Arrigo v. Scholarship Storage, Inc.*, 2011 WL 3584715, at *4 (D. Mass. Aug. 10, 2011) (collecting cases), would in any way exceed $75,000, let alone make such a conclusion "facially apparent."

It is also worth noting, as just mentioned, that Plaintiff's claims are on behalf of a putative class. As with most class actions, Plaintiff filed his claims collectively because of the built-in disincentive to bring a small-money claim on his own. As the First Circuit has stated, the "core purpose" of class actions is "to vindicate the claims of … groups of people whose individual claims would be too small to warrant litigation." *Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 41 (1st Cir. 2003). *See also Kirby v. Cullinet Software, Inc.,* 116 F.R.D. 303, 311 (D. Mass. 1987) (noting that "the class action device has been deemed … indispensable to protect the small claimants who would otherwise as a practical matter be denied relief") (citations and internal quotation marks omitted); *Mazola v. May Dep't Stores Co.,* 1999 WL 1261312, at *4 (D. Mass. Jan. 27, 1999) ("The litigation is critical, because it gives voice to relatively small claimants who may not be aware of statutory violations or have an avenue to relief."). That argument has particular relevance here, where the only damages arguably alleged are the $10,000 mentioned on the state court cover sheet.[2]

### C. **CSXIT Cannot rely on the State Court Cover Sheet to Establish the Jurisdictional Threshold.**

In addition, the only support CSXIT marginally proffers to establish the jurisdictional threshold is reference to Plaintiff's Worcester County District Court cover sheet (*i.e.*, the so-

---

[2] To that end, it is well-established that CSXIT cannot establish the $75,000 amount-in-controversy requirement by aggregating the potential damages for the entire class. This exact issue was decided by the Supreme Court nearly forty years ago in *Snyder*, 394 U.S. at 336, and it remains the law. *See Gattegno v. Sprint Corp.*, 297 F. Supp. 2d 372, 377-78 (D. Mass. 2003) ("As a general rule, the amount-in-controversy for a federal diversity jurisdiction may not be met by aggregating the claims of the members of a class.").

4

called "Statement of Damages"). However, CSXIT's reliance on the state court cover sheet for removal purposes is misplaced. First, the Massachusetts courts have specifically ruled that "[a] statement of money damages" in the cover sheet, a mandatory form, "shall not constitute a judicial admission nor may it be admitted in evidence." *See* Massachusetts Rules of Court, Rule 29 (2012). Second, and more importantly, judges in this district have specifically held that there is "no authority for basing an amount in controversy determination solely on a civil action cover sheet … ." *Williams v. Litton Loan Servicing*, 2011 WL 3585528, at *6 (D. Mass. Aug. 15, 2011). *See also Denchfield v. Waller*, 97 F.3d 1445, 1996 WL 550110, at *1 (1st Cir. Sep. 27, 1996) (unpublished) (finding jurisdictional threshold not satisfied where "the complaint is devoid of any specific allegations supporting an amount in controversy in excess of $50,000.00" even though the plaintiff "indicated on the civil cover sheet that he was seeking $400,000.00"). As Chief District Judge Mark L. Wolf recently noticed, "other courts have held that 'reliance solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible.'" *Williams*, 2011 WL 3585528, at *6 (quoting *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007), and citing *Morse v. Am. Sec. Ins. Co.*, 2011 WL 332544, at *2 (S.D. Tex. Jan. 28, 2011)). "As these courts have recognized, a cover sheet is 'simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction.'" *Id.* (quoting *Magdaleno v. L.B. Foster Co.*, 2008 WL 496314, at *6 (D. Colo. Feb. 19, 2008)).

**D. CSXIT's Unsubstantiated Financial Extrapolations do not Fulfill its Burden of Establishing Diversity Jurisdiction.**

CSXIT has proffered no evidence – *i.e.*, no affidavit, document, testimony, or pleading – of any amount in controversy, other than the state court cover sheet. That being said, paragraph 22 of CSXIT's Notice of Removal purports to extrapolate employment-based damages from payments made to Plaintiff's *business*, as an independent contractor, during a fifteen month

5

period. Out of thin air, CSXIT then "assum[es]" that Plaintiff has a "wage claim" of $22,505 and an additional "lost benefits" claim of $10,000. (*See* Notice of Removal ¶¶ 22-23.) It virtually goes without saying that "assumptions" do not fulfill a removing defendant's burden to establish the amount in controversy. *See Youtsey*, 734 F. Supp. 2d at 238-39 (defendant cannot rely on speculation). And the assumptions CSXIT makes here have no basis in law or fact. This is further reason why Plaintiff's Motion to Remand must be allowed.

### E. Trebling and Potential Attorney's Fees do not Help Fulfill CTXIT's Burden.

Further, CTXIT's reference to mandatory trebling of damages and attorney's fees (*see* Notice of Removal ¶¶ 24, 26) is also misplaced. In a very similar Massachusetts wage case, Magistrate Judge Kenneth P. Neiman described the plaintiff's "acknowledged best case scenario" for amount-in-controversy purposes: "If Plaintiff were to be fully successful on his claims, he will obtain $20,000" (the amount listed on his state court cover sheet) and "those damages will be trebled, *see* Mass. Gen. L. ch. 149, § 50, and his recovery will be offset by $6,027.19." *Youtsey*, 734 F. Supp. 2d at 238. "Yet even under that rosy narrative," Judge Neiman continued, "Plaintiff's award of $53,972.81 ($60,000 minus $6,027.19) would be more than $21,000 shy of the $75,000 jurisdictional threshold." *Id*. Here, as noted, the amount listed on Plaintiff's state court cover sheet ($10,000) is exactly half of the amount at issue in *Youtsey* and hence, if trebled, would only equal $30,000. And even more importantly, CSXIT here has provided no substantiation for a higher amount. Thus, these facts provide even a stronger argument for a remand than those confronting Judge Neiman.

In addition, as in *Youtsey*, potential attorney's fees cannot fill the gap. As Judge Neiman noted, even though potential attorney's fees "would be mandated by Mass. Gen. L. ch. 149, § 150, [and] should be added to the calculation, … the court cannot give much weight to … musings about potential fees." *Id*. (citing cases). Like the defendant in *Youtsey*, CSXIT "has

6

offered nothing more than its *own* naked speculation that Plaintiff's fees could possibly be high enough to raise his recovery to over $75,000." *Id*. (*See* Notice of Removal ¶ 26 (speculating that Plaintiff's "taking a case to judgment would *likely* result in a claim for *thousands of dollars* in attorneys' fees" and noting that CSXIT has only "assum[ed] a reasonable hourly rate").) "Given that the burden here is Defendant's, not Plaintiff's, such speculation on its part is simply insufficient." *Youtsey* at 238-39 (citing *Amoche,* 556 F.3d at 50 ("[A]s the proponent of federal jurisdiction, [the defendant] must *sufficiently demonstrate* that the amount in controversy exceeds [the] jurisdictional minimum.") (emphasis added by court)).

### F. CSXIT Cannot Establish Federal Question Jurisdiction.

In a final effort to obfuscate the real issues of this case, CSXIT asserts that Plaintiff's claims somehow are Employee Retirement Income Security Act ("ERISA") claims that are preempted. To get there, CSXIT again looks only to the state court cover sheet where there is a reference to certain "benefits" to which Plaintiff may be entitled. (*See* Notice of Removal ¶¶ 6.) As argued above, however, it is improper for CSXIT (or this Court) to bootstrap federal court jurisdiction from the cover sheet. *See, e.g., Denchfield*, 97 F.3d 1445; *Williams*, 2011 WL 3585528, at *6. "The Supreme Court has made clear that, in determining the propriety of removal, the court must normally 'look only to [the] *plaintiff's complaint* to" determine whether his "*claim to relief* rests upon a federal right.'" *Giannetti v. Mahoney*, 218 F. Supp. 2d 8, 10-11 (D. Mass. 2002) (quoting *Hernandez-Agosto v. Romero-Barcelo,* 748 F.2d 1, 2 (1st Cir. 1984) (emphasis in original) (in turn, citing, *inter alia, Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936), *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 10-11, (1983), and *Taylor v. Anderson,* 234 U.S. 74, 75-76 (1914)).

Even more fundamentally, no federal question has been raised, cited, or implied in Plaintiff's complaint or even on the state court cover sheet. At most, CSXIT appears to want to

raise "nothing more than a[n] [ERISA] section 514 preemption defense." *Giannetti*, 218 F. Supp. 2d at 12 (citing *Danca,* 185 F.3d at 4-5, and *BIW Deceived v. Local S6,* 132 F.3d 824, 831 (1st Cir. 1997)); *Kirkman v. Explorica, Inc.*, 681 F. Supp. 2d 104 (D. Mass. 2009). However, a so-called "'complete preemption' exception to the well-pleaded complaint rule has not been argued by [CSXIT], nor, if argued, would it apply." *Id*. "Accordingly," as in *Giannetti*, CSXIT has "not borne [its] burden of showing the existence of federal subject matter jurisdiction." *Id*. *See also Kirkman v. Explorica, Inc.*, 681 F. Supp. 2d 104 , 106 (D. Mass. 2009) (Tauro, J.) (remanding state law misclassification case that specifically alleged inability to participate in health and dental plans despite defendants ERISA preemption argument); *Jewel v. UnumProvident Corp.*, 352 F. Supp. 2d 122 (D. Mass. 2005) (Saylor, J.) (remanding state-based claims against insurance companies where the defendants unsuccessfully argued that ERISA preemption somehow established federal question jurisdiction). As a result, Plaintiff's motion to remand must be allowed.

## **CONCLUSION**

For the reasons stated, Plaintiff requests that this Court allow his Motion to Remand and, accordingly, remand this action to Worcester County District Court forthwith. Plaintiff also respectfully requests costs, expenses, and attorney's fees incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c).

Dated: October 19, 2012                    Plaintiff
                                           By His Attorneys,


                                           **/s/ Jeffrey S. Morneau**
                                           Jeffrey S. Morneau, Esq. (BBO# 643668)
                                           Nathan A. Olin, Esq. (BBO# 630580)
                                           CONNOR, MORNEAU & OLIN, LLP
                                           73 State Street, Suite 310
                                           Springfield, Massachusetts 01103
                                           Tel:   (413) 455-1730
                                           Fax:   (413) 455-1594
                                           jmorneau@cmolawyers.com
                                           nolin@cmolawyers.com


**CERTIFICATE OF SERVICE**

I hereby certify that the this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.


                                           **/s/ Jeffrey S. Morneau**
                                           Jeffrey S. Morneau, Esq.