UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) <br> **JOSE TORO, Individually and on Behalf** ) <br> **Of All Persons Similarly Situated,** ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **CSX INTERMODAL TERMINALS, INC.,** ) <br> **Defendant.** ) <br> ) | **Civil Action** <br> **No. 12-40115-TSH** |

**ORDER**
February 14, 2013

**HILLMAN, D.J.**

**Background**

On May 31, 2012, Jose Toro ("Toro" or "Plaintiff") filed a Complaint against CSX Intermodal Terminals,, Inc. ("CSX" or "Defendant") and CSX's president, Wilby W. Whitt[1] alleging claims for violation of the Massachusetts independent contractor law, Mass.Gen.L. ch. 149, §§148B. 150; and violation of the Massachusetts wage law, Mass.Gen.L. ch. 149, §§148, 150.  Toro seeks disgorgement of profits unjustly retained by CSX, reimbursement of benefits paid, treble damages, attorney's fees and costs.  Toro also seeks injunctive and/or declaratory relief.  Toro is suing on behalf of himself and a class of similarly situated persons.[2]

---

[1] On November 13, 20012, Toro filed a notice of dismissal as to Wilby H. Whitt, with prejudice. *See* Docket No. 23.
[2] To date, this matter has not been certified as a class action. *See* Fed.R.Civ.P. 23.

On September 12, 2012, CSX filed its *Notice of Removal* in this Court (Docket No. 1)[3]. CSX asserts that this case is removable pursuant to 28 U.S.C. §1446 on the basis of: (1) federal question jurisdiction (Plaintiff is claiming entitlement to benefits offered by CSX to employees under employee benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 101, *et seq.*); and (2) diversity jurisdiction (Toro is a citizen of Rhode Island and CSX is a Delaware corporation with a principal place of business in Florida and an office located in Massachusetts and the amount in controversy is $75,000 or more). Toro has filed a motion to remand the case to Massachusetts state court because (1) there is no federal question under 28 U.S.C. § 1331; and (2) the case does not meet the $75,000 amount in controversy requirement of 18 U.S.C. § 1332(a)(diversity of citizenship). *See Plaintiff's Mot. To Remand* (Docket No. 17).

Also pending are the Motion of CSX Intermodal Terminals, Inc. To Dismiss Pursuant To Fed.R.Civ.P 12(b)(6)(Docket No. 9), the Motion For Transfer And Reassignment Of Case (Docket No. 11) and Plaintiff's Motion To Stay Or Alternatively, For An Extension Of Time To Respond (Docket No. 12)[4].

---

[3] CSX was served on August 14, 2012. *See Exhibit A* to the Notice of Removal (Docket No. 6). Although Wilby W. Whitt, who had not been served at the time, did not sign the Notice of Removal, CSX stated that he consented thereto. As noted above, Whitt has been dismissed from the case.

[4] In its motion to transfer, CSX requests that this case be transferred to the Eastern Division of this Court, specifically, to Judge O'Toole. In support of its motion, CSX asserts that Judge O'Toole is presiding over a closely related case, *Diaz v. CSX Intermodal Inc.*, No. 11-30146-GAO, which involves similar claims and defenses. I am ordering that this case be remanded to the State court, which moots the request. In any event, the *Diaz* case was dismissed by the parties on November 19, 2012. *See Diaz v. CSX Intermodal Inc.,* No. 11-30146-GAO , at Docket entry No. 51 (*Stipulation of Dismissal With Prejudice*). Accordingly, CSX's motion to transfer will be <u>*denied*</u>, as moot. CSX's motion to dismiss will be <u>*denied*</u> without prejudice to refile it in State court. Toro's motion to stay and/or for extension of time to respond to the motion to dismiss will be <u>*denied*</u> as moot.

**Discussion**

Plaintiff's Motion To Remand

"Under the removal statute, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant' to federal court." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 2494 (2004) (quoting 28 U.S.C. § 1441(a)). "One category of cases of which district courts have original jurisdiction is '[f]ederal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.' " *Id.* (quoting 28 U.S.C. § 1331).   Additionally, an action may be removed from State court as a diversity case under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1446.  CSX asserted that this case was removable on both grounds.  Toro has filed a motion to remand on the grounds that there is no federal question and the amount in controversy requirement has not been met, thus defeating diversity jurisdiction.

When a motion to remand is filed,  "' the burden is upon the removing party to show that federal subject matter jurisdiction exists.'" *Miara v. First Allmerica Fin. Life Ins. Co.*, 379 F.Supp.2d 20, 26 (D.Mass.2005) (citation to quoted case omitted). "Generally, '[d]oubts about the propriety of removing an action should be resolved in favor of remand.' " *Id.* (citation to quoted case omitted).

*Whether the Court has Federal Question Jurisdiction*

CSX removed this case from state court on the grounds that this Court has jurisdiction because Toro asserts that he was improperly denied benefits under several of its benefit plans. CSX argues that since such plans are governed by ERISA, his claims fall within the ERISA enforcement provisions, and therefore, are completely preempted.  Toro argues that no federal

question has been raised, cited or implied in his Complaint and therefore, under the well-pleaded complaint doctrine, CSX has failed to establish that his claim rests upon a federal right.

In general, determining whether a case arises under federal law is determined by the "well pleaded complaint rule." Under this rule, whether federal question jurisdiction exists "must be determined from what necessarily appears in the plaintiff's statement of his own claim … unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S.Ct. 2841 (1983). At the same time, complete preemption is an exception to the well-pleaded complaint rule and therefore, where the plaintiff's complaint asserts a state law claim in an area of law that has been *completely* preempted such that it is in reality federal in nature, then removal is proper, regardless of the plaintiff's intent to pursue only state law claims. Any state law claim that "duplicates, supplements, or supplants the ERISA civil enforcement remedy" falls under the complete preemption doctrine. *Aetna Health, Inc.*, 542 U.S. at 209, 124 S.Ct. 2488.

Toro asserts that in seeking to remove this case, CSX primarily relies on a reference in the State court cover sheet to benefits to which he may be entitled; he argues that CSX cannot seek to "bootstrap" federal jurisdiction on the basis of information contained in the cover sheet. In his Complaint, Toro alleges that CSX improperly characterized him as an independent contractor, when he should have been characterized as an employee. He requests that he be granted relief in the form of the compensation and other "legal benefits" to which he would have been entitled as an employee (including payment for training, vacation and overtime), and reimbursement for expenses and taxes, paid by him, which should have been CSX's responsibility if he had been properly designated as its employee. Additionally, while the Complaint does not assert that Toro is entitled to recover benefits under CSX's employee

benefits plants, in the "Demand For Relief" section, there is a request for recovery of "benefits unlawfully withheld." *Complaint*, at p. 9.

Whether complete preemption applies in this case depends on whether Toro is seeking reimbursement of benefits to which he is entitled under the terms of an ERISA regulated employee benefit plan. *See Negron-Fuentes v. UPS Supply Chan Solutions*, 534 F3d 1, 7 (1st Cir. 2008)(any of plaintiff's claims if completely preempted can support removal of entire action and any claim replicating Section 502(a) is federal claim for jurisdictional purposes). CSX asserts, and Toro does not dispute, that its benefit plans are ERISA plans. However, this fact alone does not necessitate preemption unless Toro's claim(s) "directly affect the relationship between traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries.". 29 C.F.R. §2510.3-3(b). CSX has not established that this prong is satisfied. Indeed, it is undisputed that at the time that he filed suit, Toro was not plan participant because he was not an employee of CSX. Simply put, Toro has not alleged that he is seeking to recover benefits under any CSX ERISA plan, rather he is alleging an entitlement to "benefits" as merely a component of the measure of damages to which he is entitled as the result of CSX mischaracterizing him as an independent contractor. *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir. 1988)(claim does not relate to ERISA when loss of benefits is mere consequence of, but not motivating factor behind termination). Furthermore, because Toro was never classified as an employee, he was not a plan participant and therefore, at the time he filed suit, would not have standing to sue to bring a civil enforcement action. *Kirkman v. Explorica, Inc.*, 681 F.Supp.2d 104 (D.Mass. 2009)(plaintiff, an independent contractor, could not be considered plan participant and therefore, had no standing to bring ERISA civil enforcement

action and therefore, state law claims were not completely preempted and matter would be remanded).

For the reasons set forth above, CSX has failed to establish that any claim asserted by or is completely preempted. Therefore, this case must be remanded unless CSX can establish that removal was proper on the grounds of diversity jurisdiction.

*Whether Diversity Jurisdiction Supports Removal*

Toro asserts that this case should not have been removed on diversity grounds because the jurisdictional threshold of $75,000 has not been met.[5] In his Complaint, Toro alleges that he worked driving a truck for CSX from approximately July 31, 2006, to August 21, 2012 and that during this time period, CSX wrongfully classified him as an independent contractor rather than an employee. As a result of CSX's improper classification, Toro alleges that an unspecified amount of unlawful deductions were withheld from his compensation, he wasn't paid for all work performed, for training or for overtime. As noted above, he also alleges that other unspecified benefits were unlawfully withheld. Toro further alleges that he and other drivers lost "substantial income and employment opportunities." *See Complaint*, at ¶ 24. Toro seeks treble damages and attorney's fees. While no specific amount of damages is alleged in the Complaint, in the State court cover sheet, Toro indicates his total amount of damages to be $10,000. *See State Court Rec.*(Docket No. 13).

"'The First Circuit has not yet articulated the defendant's burden of proving the amount in controversy where the plaintiff has not claimed a specific amount of damages in the

---

[5] Under 28 U.S.C. §1332(a), this Court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 (exclusive of interest and costs) and there exists complete diversity between the parties. The parties agree that the complete diversity requirement has been met. CSX does not suggest that class wide damages would exceed $5,000,000 and therefore, does not seek to justify removal pursuant to 28 U.S.C. §§ 1332(d), 1453.

pleadings.'" *Arrigo v. Scholarship Storage, Inc.*, C.A. No. 10-11650-MLW, 2011 WL 3584715, at *3 (D.Mass. Aug. 10, 2011)(citation to quoted case omitted). Both parties have assumed that CSX's burden to establish by a "reasonable probability" that the amount in controversy exceeds $75,000.  In general, the federal courts are split as to what standard is to be applied in determining whether the defendant has met its burden of establishing the amount in controversy. *Id.*  Some courts have applied a "preponderance of the evidence" standard, some a "reasonable probability" standard and still others a "legal certainty" standard. *See id.* and cases cited therein. The majority of federal courts have applied the preponderance of the evidence standard. *Id.*  The prevailing view in this District appears to be that First Circuit decisions in related areas of law suggest that "reasonable probability" is the appropriate standard. *See Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284 (D.Mass. 2011);  *Youtsey v. Avibank Manuf., Inc.*, 734 F.Supp.2d 230 (D.Mass. 2010).  In this context, the First Circuit has equated the "reasonable possibility" standard to the "preponderance of the evidence" standard. *Arrigo*, 2011 WL 3584715, at *4 (citing *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 43 (1st Cir. 2009)); *Youtsey*, 734 F.Supp.2d at 237 (same). I agree with Judge Neiman's reasoned analysis in *Youtsey* and find that CSX's burden is to establish by a reasonable probability that the amount in controversy exceeds $75,000 at the time of removal.

In deciding whether the defendant has met its burden to establish that removal is appropriate, the Court must be mindful of the following additional considerations articulated by the First Circuit. A prompt resolution of the removal question is favored, "'without an extensive fact-finding inquiry.'" *Reynolds*, 272 F.R.D. at 286 (citation to quoted case omitted). Furthermore, the Court should look to materials submitted by both parties, not just the notice of removal and those submitted by the defendant. *Id.* The Court should also consider which party

has better access to relevant information.  Any doubts as to whether the $75,000 threshold has been met are resolved in favor of remand.  *Id.*

In its notice of removal, CSX asserts that the jurisdictional threshold is met given that: (1) Toro estimates that he has suffered damages of approximately $10,000: (2) Toro is requesting treble damages; and (3) Toro is seeking attorney's fees.  CSX also asserts that the Court may also consider the value of any request for non-monetary relief—in this case, Toro is seeking appropriate injunctive and/or declaratory relief.  In his motion to remand, Toro argues that the Court should not, as CSX has done, consider the amount stated in the State court cover sheet in attempting to determine whether the jurisdictional threshold has been met. Furthermore, even assuming that it would be appropriate for the Court to consider that amount,  he argues that CSX has failed to establish that there is a reasonable probability that the jurisdictional threshold has been met.

CSX has not proffered any evidence that Toro's recovery[6], absent a multiplier, would exceed $10,000.  On the other hand, there is nothing in the record to suggest that Toro's damages would be significantly less than $10,000.  Therefore, without deciding the issue of whether the Court, as a matter of law, should consider the amount stated on the State court cover sheet, the Court will assume that Toro's calculated damages are approximately $10,000.  Attorney's fees are not normally considered in determining the amount in controversy, except where the fees are provided for by statute (or are contractual).  Where plaintiff is suing under a statute that includes a damage multiplier, then the court applies the multiplier when determining whether the amount in controversy has been met.  *Arrigo*,  2011 WL 3584715, at *4.  In this case, Mass.Gen.L. ch.

---

[6] Both parties have correctly considered only Toro's potential recovery and not the potential recovery of the alleged entire class for purposes of determining whether the threshold amount in controversy has been met.

149, §150 provides both for recovery of multiple damages and attorney's fees. Thus, under a best case scenario, *i.e.,* treble damages, Toro is likely to recover *at most* $30,000 in damages. What this means is that prior to an award of attorneys fees, Toro's likely recovery is approximately $45,000 short of the jurisdictional threshold. The amount of attorney's fees awarded on such a modest recovery is unlikely to approach $45,000.

CSX also makes much of the fact that Toro has requested injunctive and/or declaratory relief. However, CSX has not shown that any amount attributable to such relief, together with the award of attorney's fees, would come close equaling the $45,000 necessary to satisfy the jurisdictional threshold. Indeed, CSX has not shown how its potential damages "would differ from the cost of complying with a decision in [plaintiff's] favor." *Arrigo,* 2011 WL 3584715, at *5, n. 3. Finally, given that the means of calculating Toro's damages should be within CSX's control, its failure to proffer any evidence to support its contention that Toro's damages are sufficient to exceed the jurisdictional threshold undercuts its position. That coupled with the First Circuit's admonition that any doubts are to be resolved in favor or remand, compels a finding that CSX has failed to meet its burden.

For the reasons set forth above, I find that CSX has failed to establish that there is a reasonable probability that the amount in controversy exceeds $75,000 and therefore, this case is not one in which this Court could have exercised original jurisdiction pursuant to 28 U.S.C. § 1332(a). Furthermore, since this Court has determined that there is no federal question, this Court lacks subject matter jurisdiction over this action and the matter will be remanded. Accordingly, the Court will not address CSX's motion to dismiss.

**Conclusion**

IT IS HEREBY ORDERED:

1. Plaintiff's Motion To Remand (Docket No. 17) is ***allowed***. This matter is remanded to Worcester Superior Court.

2. Motion of CSX Intermodal Terminals, Inc. To Dismiss Pursuant To Fed.R.Civ.P. 12(b)(6)(Docket No. 9) is ***denied***, without prejudice.

3. Motion For Transfer And Reassignment Of Case (Docket No. 11) is ***denied***, as moot.

4. Plaintiff's Motion To Stay, Or Alternatively, For An Extension Of Time To Respond (Docket  No. 12) is ***denied***, as moot.

*/s/ Timothy S. Hillman*
Timothy S. Hillman
U.S. District Court Judge